Filed 6/17/14  P. v. Ortiz CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO HERNANDEZ ORTIZ,<br><br>    Defendant and Appellant. | H039863<br>(Santa Cruz County<br>Super. Ct. No. F22932) |

Defendant Francisco Hernandez Ortiz appeals after pleading no contest to possession of heroin (Health & Saf. Code, § 11350, subd. (a)) and admitting that he had a prior strike within the meaning of the Three Strikes law (Pen. Code, § 667, subds. (b)-(i)).[1]  He was sentenced to a two-year, eight-month prison term.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The 30-day period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Following the California Supreme

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Court's direction in *People v. Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Current Offenses (Possession of Heroin & Possession of a Smoking Device)*

On June 17, 2012, Watsonville police officers went to defendant's home to conduct a probation search. On defendant's person, officers found a bindle of heroin, a piece of foil, and a rolled up $10 bill. The foil had black soot on it, and the rolled up $10 bill had a brown substance on one end and the odor of heroin.

### B. *Strike Prior and Criminal History*

On June 22, 2010, Watsonville police officers responded to a report of a fight. They located defendant and another male together near a gas station. Defendant had a fixed blade knife in a sheath around his neck. Defendant subsequently pleaded no contest to active participation in a criminal street gang (§ 186.22, subd. (a)) and unlawful possession of a weapon (former § 12020, subd. (a)).

Defendant's criminal history began in 2004, when he was a juvenile. His prior adult convictions and juvenile dispositions include drug charges, attempted robbery, possession of stolen property, battery, and weapons charges.

### C. *Charges and Plea*

Defendant was charged with possession of a controlled substance (count 1; Health & Saf. Code, § 11350, subd. (a)) and misdemeanor possession of a smoking device (count 2; Health & Saf. Code, § 11364.1, subd. (a)). The information alleged that defendant's prior conviction for active participation in a criminal street gang qualified as a strike. (§ 667, subds. (b)-(i).)

On December 4, 2012, defendant pleaded no contest to count 1 and admitted the strike allegation. The plea agreement provided that defendant would be sentenced to a

2

term of two years eight months, that he could serve less time if the trial court granted a *Romero* motion (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), and that count 2 would be dismissed.

### D. Challenge to Strike Prior

Defendant filed a motion to dismiss his prior strike conviction. He first argued that his prior conviction of active participation in a criminal street gang was not valid under *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*), which held that a gang member does not violate section 186.22, subdivision (a) if he or she "commits a felony, but acts alone" because the requisite " 'felonious criminal conduct' " must "be committed by at least two gang members." (*Rodriguez, supra,* at pp. 1128, 1132.)

Defendant also argued that the trial court should exercise its discretion to dismiss the strike pursuant to *Romero*. He argued that the current offense was a minor crime since he possessed only a small amount of heroin for personal use, that imposition of a two-year term would be sufficient punishment, and that the conduct underlying his prior strike offense "would not today constitute a violation of that statute."

The prosecution opposed defendant's motion to dismiss his prior strike conviction. Regarding the *Rodriguez* issue, the prosecution noted that when defendant pleaded no contest to active participation in a criminal street gang, other charges—including another potential strike—were dismissed. The prosecution argued that the only way for defendant to challenge the prior conviction was to file a motion to withdraw his plea in that case.

As to the *Romero* motion, the prosecutor listed defendant's seven juvenile dispositions and nine criminal cases and argued that defendant "is the picture of a recidivist." The prosecutor noted that defendant had been to drug programs in the past and that he had been offered numerous services through the probation department but "continues his criminal lifestyle."

3

### E.     Sentencing Hearing

At the sentencing hearing held on June 6, 2013, the trial court denied defendant's motion to strike his prior strike conviction.  First, after defendant indicated he did not want to "vacate the plea" in the prior case, the trial court denied defendant's motion to dismiss the strike as invalid under *Rodriguez.*  The trial court then denied defendant's *Romero* motion, based on defendant's "prior criminal history," the fact that defendant had never successfully completed any term of probation, the fact that defendant was on probation at the time of the current offense, and the fact that defendant had been "unwilling to comply with any treatment program."

The trial court imposed a two-year, eight-month prison term, along with a number of fees and fines.

### F.     Appeal

In conjunction with his notice of appeal, defendant requested a certificate of probable cause, indicating he would challenge the legality of his prior strike conviction based on *Rodriguez*.  The trial court granted defendant's request.

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.